IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND | : | |
| v. | : | Civil Action No. DKC 11-0893 |
| | : | |
| AC-DC ELECTRIC, INC., d/b/a Q & S ELECTRIC CO. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action under the Employee Retirement Income Security Act of 1974 ("ERISA") is a motion for judgment filed by Plaintiff National Electrical Benefit Fund.  (ECF No. 13).  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the motion will be granted in part and denied in part.

**I.   Background**

Plaintiff National Electrical Benefit Fund ("the Fund") is "a multiemployer employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association."  (ECF No. 1 ¶ 4). Defendant AC-DC Electric, Inc., d/b/a Q & S Electric Co., is "an employer engaged in an industry affecting commerce," is "legally

obligated to submit contributions to [the Fund], and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5)." (*Id*. at ¶ 6). Pursuant to the terms of collective bargaining agreements with IBEW local unions, Defendant is also "bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for [the Fund], which has governed the administration of [the Fund] at all times relevant[.]" (*Id*. at ¶ 8).

The parties' collective bargaining agreement requires Defendant to make regular contributions to the Fund based on the number of hours worked by covered employees. Defendant is further required "to provide access to the records necessary for [the Fund] to determine whether or not Defendant [has] complied with its obligation[s.]" (*Id*. at ¶ 9). Despite these obligations, "Defendant failed to allow [the Fund] to complete an audit of Defendant's books and records after demand for audit was made upon Defendant." (*Id*. at ¶ 10).

The Fund's trustees commenced this action on April 6, 2011, by filing a complaint alleging violation of ERISA and seeking an order requiring "that Defendant provide access to its records within 10 days for the period 2006 through 2010 so that the audit can be completed," and that "Defendant be ordered to pay all contributions shown to be due," plus "liquidated damages in the amount of 20% of the contributions[,] . . . interest on

all delinquent contributions . . . at the rate of 10% per annum[,] . . . auditor fees and costs incurred by [the Fund,] . . . . [and] reasonable attorneys' fees and costs[.]" (*Id.* at 4). When Defendant failed to respond within the requisite time period, Plaintiff filed motions for clerk's entry of default and default judgment. Default was entered by the clerk on June 3, 2011.

By a memorandum opinion and order issued December 9, 2011, the court granted in part and denied in part Plaintiff's motion for default judgment. The court found that Plaintiff had established liability under ERISA and that it was entitled to injunctive relief (*i.e.*, the audit), but that an order directing payment of delinquent contributions, liquidated damages, interest, and audit fees was "premature":

> The Fund does not currently allege that Defendant failed to make required contributions; rather, the Fund merely asserts that its trustees must conduct an audit to determine if Defendant has in fact failed to do so. As a result, the Fund's request for a "blank check" authorizing it to collect amounts that are currently unknown is denied. Should the audit reveal delinquent contributions, however, the Fund may petition the court, with proper evidentiary support, for such relief.

(ECF No. 8, at 7). Thus, Defendant was ordered to submit to an audit within ten days and judgment was entered in favor of

3

Plaintiff in the amount of $350.00, the cost of the filing fee in this action.[1]

On June 7, 2012, after the audit was completed, Plaintiff filed the pending motion for judgment, presenting affidavits and documentary evidence in support of its request for a supplemental judgment in the amount of $13,381.03. (ECF No. 13). Defendant has not filed a response.

## II. Analysis

Based on Defendant's default, Plaintiff has established entitlement to an award of the amounts sought in its complaint – namely, the total amount of unpaid contributions, as determined by the audit; liquidated damages totaling twenty percent of any unpaid contributions; interest accruing at a rate of ten percent per annum; costs associated with the audit; and attorneys' fees and costs associated with this litigation. What remains is for Plaintiff to "prove-up" its damages.

In support of its request for all amounts other than attorneys' fees and litigation costs, Plaintiff submits the supplemental affidavit of Michael J. Reed, the Fund's assistant administrator. (ECF No. 13-2). Mr. Reed asserts that after Defendant produced the relevant records, the Fund's "auditing

---

[1] The court additionally found that Plaintiff had not provided sufficient documentation of costs related to service of process, and Plaintiff's request for attorneys' fees was denied without prejudice to renewal because counsel failed to demonstrate that her hourly rate was reasonable.

department conducted a payroll compliance review" (*id.* at ¶ 3), a report of which is attached as an exhibit (ECF No. 13-3).  The report, which consists of spreadsheets showing payments by month for the years 2006 through 2010, found a contribution shortfall of $727.36 for 2006, $2,496.69 for 2007, and $1,626.35 for 2008, but that slight overpayments were made in 2009 and 2010.  The auditors concluded that "Defendant underpaid its required contributions to [the Fund] over the period January 1, 2006, through December 31, 2010, in the amount of $4,796.97."  (ECF No. 13-2 ¶ 4).  Based on that amount, Plaintiff calculates that liquidated damages – *i.e.*, twenty percent of the delinquent contributions – are owed in the amount of $959.39.  With respect to interest, Mr. Reed attaches to his affidavit a copy of the Fund's delinquency report, which supports an award of $2,549.11. (ECF No. 13-3).  This evidence is sufficient to establish damages in the amount of $8,305.47 ($4,796.97 in delinquent contributions + $959.39 in liquidated damages + $2,549.11 in interest).

With respect to the audit fee, Mr. Reed asserts that "[t]he cost of the audit to [the Fund] is $589.60."  (ECF No. 13-2 ¶ 8).  Although the Fund's delinquency report reflects an "Audit Expense" in the same amount (ECF No. 13-3, at 6), Plaintiff has provided no invoice or similar documentation supporting that

this was the cost actually incurred.   Thus, it has not shown entitlement to the amount of the audit fee.

Unfortunately, the same result obtains with respect to Plaintiff's request for taxation of litigation costs (aside from the filing fee, which was awarded previously).   In its prior order, the court denied without prejudice Plaintiff's request for costs associated with a process server because "[t]he Fund has provided no documentation to support its claim for $150 in process server fees[.]"   (ECF No. 8, at 9).   In renewing this request, Plaintiff submits the supplemental affidavit of its counsel, Jennifer Bush Hawkins, who again asserts entitlement to an award of $150.00 for process server fees, providing no documentary support, and adds a request for courier costs in the amount of $23.96.   (*Id*. at ¶ 7).   Absent supporting documentation, these requests will be denied.[2]

Plaintiff's request for attorneys' fees is also deficient. In the initial motion for default judgment, Plaintiff's counsel, Jennifer Bush Hawkins, provided an affidavit asserting that she billed 4.2 hours working on the case at a rate of $338.00 per hour, resulting in a total fee of $1,419.00.   (ECF No. 6-3 ¶ 13).   In denying the fee request, the court explained:

> While the number of hours worked appears
> reasonable in light of the numerous

---

[2] Courier costs, moreover, are not taxable in this district. *See* Guidelines for Bills of Costs § III(7) (2d Ed. Aug. 2011).

> documents that counsel has filed in this
> case, the record currently fails to
> demonstrate the reasonableness of the
> requested hourly rate. Indeed, at the
> present time, it is wholly devoid of any
> information supporting the rate listed in
> counsel's declaration. For that reason, the
> Fund's request for attorney's fees will be
> denied without prejudice to its right to
> renew.

(ECF No. 8, at 9). Ms. Hawkins' supplemental affidavit, submitted in support of Plaintiff's renewed request, reflects that fees have been incurred totaling $4,312.00, a considerably greater amount. (ECF No. 13-5). While Ms. Hawkins provides a detailed description of the work she performed (*id.* at ¶ 4), there is no breakdown of the amount of time spent on each task – indeed, there is no indication of the total amount of time she spent working on the case. As the court explained in its prior opinion, it "evaluates the reasonableness of an attorney's fee award by comparing the requested amount to the lodestar amount, which is defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" (ECF No. 8, at 8 (quoting *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008)). Because Ms. Hawkins has not provided the total number of hours she spent working on the case – much less a breakdown by specific task – the court cannot assess whether the number of hours was reasonable. Accordingly, Plaintiff has not shown entitlement to the requested amount of attorneys' fees.

Ms. Hawkins' supplemental affidavit does reflect, however, that she has been in practice for eighteen years. (ECF No. 13-5 ¶ 3). Thus, her 2011 hourly rate of $338.00 falls within the presumptively reasonable range set forth in the Appendix B of the court's Local Rules. Because the court previously found that the number of hours asserted in the original motion for default judgment was reasonable, Plaintiff has shown entitlement to the amount originally requested. Accordingly, Plaintiff is entitled to a fee award of $1,419.00.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment will be granted in part and denied in part. A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```